IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

AHMED EL BABBARY,
                        *Petitioner,*

v.

JEFF CRAWFORD, *et al.,*
                        *Respondents.*

1:26-cv-329-MSN-LRV

## ORDER

Petitioner Ahmed El Babbary ("Petitioner") has filed a Petition for Writ of Habeas Corpus ("Petition"), pursuant to 28 U.S.C. § 2241, in which he asserts that he has been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE"). ECF 1. Specifically, Petitioner alleges that his detention without bond violates the Immigration and Nationality Act (Count I) and his due process rights (Count II).

Petitioner is currently detained at the Farmville Detention Center, an immigration detention facility within this Court's jurisdiction. He has sued Jeffrey Crawford, the warden of that facility. He has also sued Kristi Noem, the DHS Secretary; Pamela Bondi, the Attorney General; and Russell Hott, the Field Office Director of the Washington Field Office of ICE's Enforcement and Removal Operations (collectively, the "Federal Respondents"). The Federal Respondents have opposed the Petition. ECF 5. For the reasons that follow, the Court will grant the Petition as to Counts II.[1]

---

[1]     Because the Court grants relief on Petitioner's due process claim (Count II), it need not address Petitioner's claim under the INA (Count I).

## I.    BACKGROUND

Petitioner is a native and citizen of Mauritania. ECF 1 ¶ 7, 12. On October 20, 2024, CBP officers encountered Peittioner in Tecate, California after he had crossed over the southern border into the United States. *Id.* ¶ 12; ECF 5-1 ¶ 6. The officers determined that Petitioner was arriving in the United States without being admitted or paroled and served him with a Notice and Order of Expedited Removal pursuant to 8 U.S.C. § 1225(b)(1)(A). ECF 5-1 ¶ 6. Before he could be removed, Petitioner expressed a fear of returning to his country and was referred to USCIS for a credible fear interview. *Id.* ¶ 7. That interview process was not completed and instead, on January 14, 2025, the asylum officer issued Petitioner a Notice to Appear charging him with being inadmissible to and removable from the United States under 8 U.S.C. § 1182(a)(7)(A)(i)(I). *Id.* ¶ 8; ECF 1 ¶ 14. Petitioner was thus placed into standard removal proceedings before the immigration court. ECF 1 ¶ 14. On January 30, 2026, Petitioner was encountered by ICE ERO agents and was taken into immigration detention at the Farmville Detention Center. *Id.* ¶ 15. Petitioner states that Federal Respondents have not provided him with a bond hearing, although he has also not yet requested one. *Id.* ¶ 16; ECF 5-1 ¶ 10.

## II.    ANALYSIS[2]

The central question posed in the Petition is whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond hearing under 8 U.S.C. § 1226(a). Petitioner contends that his detention should be governed by § 1226(a) and that his current detention without bond pursuant to § 1225(b)(2) violates his right to due process. Federal Respondents "recognize that this Court and other jurists of this Court have

---

[2]    Federal Respondents do not argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(1)(B)(ii), but in any case, the Court has already determined that persons in Petitioner's circumstances are not detained under that provision. *Luna Sanchez v. Bondi*, 2025 WL 3191922 (E.D. Va. Nov. 14, 2025).

recently rejected Federal Respondents' arguments" that individuals in Petitioner's position are subject to mandatory detention under 8 U.S.C. § 1225(b)(2). ECF 5 at 1 n.1; *see also, e.g., Quispe-Ardiles v. Noem*, No. 1:25-CV-01382-MSN-WEF, 2025 WL 2783800, at *1 (E.D. Va. Sept. 30, 2025); *Luna Quispe v. Crawford*, No. 1:25-CV-1471-AJT-LRV, 2025 WL 2783799 (E.D. Va. Sept. 29, 2025). Nevertheless, they raise these same arguments "to preserve them for appeal." *Id.*

At bottom, Federal Respondents' argument is that anyone in the United States who has not been admitted is subject to mandatory detention under § 1225(b), and § 1226(a)'s discretionary detention provisions apply only to those who have been given legal status and subsequently placed into removal proceedings. They therefore argue that because Petitioner is present in the United States but has not been legally "admitted," he should be considered an applicant for admission under § 1225(a), and subject to mandatory detention under § 1225(b)(2).

Federal Respondents' argument reflects DHS's novel interpretation of decades-old immigration detention statutes which, as numerous district courts throughout the country have found,[3] is contrary to DHS's implementing regulations and published guidance, the decisions of its immigration judges (until very recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction. *See, e.g., Hasan v. Crawford*, No. 1:25-cv-1408, 2025 WL 2682255, at *8-9 (E.D. VA. Sept. 19, 2025); *Romero v. Hyde*, No. 25-cv-11631, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025). This new approach will also subject "millions more undocumented immigrants to mandatory detention, while simultaneously narrowing § 1226(a) such that it would have [an] extremely limited (if any) application." *Lopez Benitez v. Francis*, No. 25-cv-5937, 2025 WL

---

[3] *See Luna Quispe v. Crawford*, No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799, at *6 & n.9 (E.D. Va. Sept. 29, 2025) (collecting cases).

3

2371588, at *8 (S.D.N.Y. Aug. 13, 2025) (footnote omitted). This Court has previously addressed several of these points in *Quispe-Ardiles*, 2025 WL 2783800, and adopts and incorporates that reasoning into this Order. *See also, e.g.*, *Flores Pineda v. Simon*, No. 1:25-cv-01616-AJT-WEF, 2025 WL 2980729, at *2 nn.2 & 3 (E.D. Va. Oct. 21, 2025) (providing additional explanation for why § 1225(b)(2) does not apply).

Because Section 1226(a) sets forth "the default rule" for detaining and removing aliens "already present in the United States," *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), Petitioner's detention is governed by § 1226(a). And under § 1226(a) and its implementing regulations, he is entitled to a bond hearing before IJ, in which the IJ must determine whether he poses a danger to the community or a risk of flight. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless the IJ makes such a determination, Petitioner's continued detention is unlawful and, for many of the reasons stated in *Quispe-Ardiles*, 2025 WL 2783800, at *8–10, violates his right to due process.

## III.   CONCLUSION

For all the reasons stated above, the Petition (ECF 1) is GRANTED, and it is hereby

ORDERED that to the extent that Petitioner seeks release from detention, Petitioner files a motion requesting a bond hearing or custody redetermination as soon as practicable; and that Federal Respondents provide Petitioner with a standard bond hearing before an IJ pursuant to 8 U.S.C. § 1226(a) within 7 days of the date of that motion; and it is further

ORDERED that Federal Respondents are ENJOINED from denying bond to Petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2); and it is further

ORDERED that Federal Respondents file a status report with this Court within 3 days of the bond hearing, stating whether Petitioner has been granted bond, and, if his request for bond is denied, the reasons for that denial.

**IT IS SO ORDERED**.

The Clerk is directed to enter judgment in Petitioner's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

/s/
Michael S. Nachmanoff
United States District Judge

Michael S. Nachmanoff
United States District Judge

March 5, 2026
Alexandria, Virginia